# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| NATHAN DARRELL NEIGHBORS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv394 |
| GREG ABBOTT, ATTORNEY GENERAL | § | |

### MEMORANDUM OPINION REGARDING VENUE

Plaintiff Nathan Darrell Neighbors, an inmate currently confined in the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Greg Abbott, the Attorney General for the State of Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff claims defendant Abbott knew of his alibi defense and knew he was actually innocent, but he still received a life sentence. Plaintiff claims he is innocent and the conspiracy against him has to stop.

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims appear to have arisen in Fort Worth, Texas where his trial was conducted. Fort Worth is located in Tarrant County, Texas which is in the Northern District of Texas. The defendant is employed as the Attorney General for the State of Texas. Plaintiff does not state an address for the defendant. However, when public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case appears to be Tarrant County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. As Tarrant County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Fort Worth Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 18th day of June, 2013.

Zack Hawthorn
United States Magistrate Judge